Filed 1/3/23  P. v. Nowden CA4/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D075767 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD143117) |
| TERRANCE LAMONT NOWDEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frederic L. Link, Judge.  Reversed and remanded.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Lynne McGinnis, Alan L. Amann, and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Terrance Lamont Nowden filed a petition under Penal Code,[1] section 1172.6 (formerly section 1170.95)[2] requesting his first degree felony-murder conviction be vacated and he be resentenced. After appointing counsel but before briefing occurred, the trial court issued an order denying the petition, stating the jury had found special circumstances that made Nowden ineligible for resentencing. On appeal, Nowden argued that in light of new standards for determining whether a defendant has acted as a major participant with reckless indifference to human life detailed in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), the court erred by denying relief without allowing him the opportunity to file a brief. In an unpublished opinion, we explained that the trial court's summary denial of the petition was improper because it considered only the language of the verdict, and we remanded the matter for reconsideration.

The People submitted a petition for review to the Supreme Court, which granted the request. After reaching its decisions in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the Supreme Court transferred the matter back to us with directions to vacate our previous opinion and reconsider the cause.

We have complied with the California Supreme Court's instructions and considered Nowden's claims, taking into consideration *Strong and Lewis*. In his supplemental brief (see Cal. Rules of Court, rule 8.200(b)(1)), Nowden contends he has already met his prima facie burden and requests remand

---

[1] Further section references are to the Penal Code.

[2] Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

with instructions to order a hearing pursuant to section 1172.6, subdivision (d). The People concede that the order summarily denying the petition for resentencing based on the existence of a felony-murder special-circumstance finding should be reversed and the matter remanded for further proceedings.

We agree that it was error to conclude Nowden failed to meet his prima facie burden based solely on the special circumstances finding. Accordingly, we remand the matter to the superior court for further proceedings in accordance with section 1172.6, subdivision (d).

## BACKGROUND AND PROCEDURAL FACTS

A jury convicted Nowden of first degree murder (§ 187, subd. (a)), residential burglary of an inhabited dwelling in the first degree (§§ 459, 460), two counts of attempted first degree robbery, perpetrated in an inhabited dwelling (§§ 664, 211, 213, subd. (b), 212.5, subd. (a)), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)). The jury found as special circumstances that the murder was committed during the commission of burglary in the first or second degree (§ 190.2, subd. (a)(17)(G)) and during the commission of attempted robbery (§ 190, subd. (a)(17)(A)). Nowden was sentenced to life without the possibility of parole plus four years. The facts of the underlying conviction can be found in our unpublished opinion *People v. Nowden* (Dec. 31, 2001, D036964) (*Nowden*), in which this court affirmed the judgment.

On January 18, 2019, Nowden filed a petition for resentencing under section 1172.6, declaring he could not now be convicted of first or second degree murder because he was not the actual killer, did not have intent to kill, and was not a major participant in the felony or did not act with a reckless indifference to human life.

3

On February 22, 2019, the People, through the District Attorney, filed a motion to deny the petition, wherein they explained that Nowden was found guilty of one count of first degree murder, one count of residential burglary, two counts of attempted robbery and one count of assault by means likely to produce great bodily injury, and the jury found true the special circumstance allegation that the murder was committed in the course of an attempted robbery and a burglary, each in violation of section 190.2, subdivision (a)(17).

On March 12, 2019, at Nowden's request, the court appointed a public defender to represent him.

On March 18, 2019, the court denied Nowden's section 1172.6 petition. The court stated that Nowden had not made a prima facie showing of entitlement to relief because he was "found guilty by a jury of one count of first-degree murder, one count of residential burglary, two counts of attempted robbery, and one count of assault by means likely to produce great bodily injury. The jury found true special circumstances allegations that the murder was committed during the course of an attempted robbery, in violation of section 190.2, subdivision (a)(17). As such, petitioner is ineligible for relief."

Nowden timely appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (Senate Bill 1437) narrowed liability for murder under the felony-murder rule and eliminated the natural and probable consequences doctrines. (§§ 188, subd. (a)(3) & 189, subd. (e); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147 (*Anthony*).)

Senate Bill 1437 addressed aspects of felony murder and the natural and probable consequences doctrine, "redefin[ing] 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice

4

aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.) Senate Bill 1437 also amended section 189 by adding subdivision (e), which states that a participant in the target felony who did not actually commit a killing is nonetheless liable for murder if he or she aided, abetted, or assisted the actual killer in first degree murder or was a major participant in the target crime and acted with reckless indifference to human life. (§ 189, subd. (e)(2)-(3).) The result is that Senate Bill 1437 "ensure[s] that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Anthony*, *supra*, 32 Cal.App.5th at p. 1147.)

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court accepts the allegations as true and evaluates whether the petitioner would be entitled to relief if he or she proved the allegations. (*Ibid.*) The court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record (*id.* at p. 972), but the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Lewis*, *supra*, 11 Cal.5th 952, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 979-980.) The court may deny the petition if the person is ineligible as a matter of law. (*Drayton*, at pp. 980-981.)

Alleging the conviction was based on grounds now made impermissible under Senate Bill 1437 will show a prima facie case for relief. Absent anything to change the showing, the court should issue an order to show

cause (OSC) and conduct an appropriate evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972.) At this stage of the proceeding, the prosecution has the burden of proving "beyond a reasonable doubt[ ] that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723-724.)

An after-the fact court review of findings made before *Banks* and *Clark* does not account for how the law has evolved because prior findings "made to a beyond-a-reasonable-doubt degree of certainty," were made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction. Neither a jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid*.) Thus, a true finding on a felony-murder special circumstance that pre-dates *Banks* and *Clark* does not render the defendant categorically ineligible for relief under section 1172.6. (*Strong*, at pp. 710-719.)

Nowden contends his conviction is based on a theory that is no longer valid in light of *Banks* and *Clark*. In those cases, our Supreme Court "clarified 'what it means for an aiding and abetting defendant to be a "major participant" who acted with a "reckless indifference to human life." ' " (*In re Taylor* (2019) 34 Cal.App.5th 543, 546.) In *Banks*, the court addressed both prongs and identified certain factors to consider in determining whether a defendant was a major participant (*Banks*, *supra*, 61 Cal.4th at p. 803); *Clark*

6

identified factors to determine whether the defendant acted with reckless indifference to human life (*Clark*, *supra*, 63 Cal.4th at pp. 619-623).

Nowden was neither the killer nor was he convicted of a crime requiring proof of express malice. The jury's special circumstances findings rendered in 2000 indicate the jury concluded Nowden was a major participant in the crime who acted with reckless indifference to human life in the victim's death, but those jury findings, the sole basis on which the trial court based its opinion, do not preclude Nowden from showing that he could not be convicted now of first or second degree murder under amended section 189. Further, the trial court's order summarily denying Nowden's petition under section 1172.6 indicates it relied exclusively on the jury's special circumstances findings and offered no alternative reason for finding Nowden ineligible for resentencing as a matter of law.

Because we cannot say as a matter of law that Nowden's actions make him ineligible for relief under section 1172.6, there is a possibility that Nowden was punished for conduct no longer prohibited by section 190.2. Accordingly, the trial court erred in summarily denying the petition based on the pre-*Banks* and *Clark* special circumstances verdict finding.

## DISPOSITION

The trial court's order denying Nowden's resentencing petition is reversed and the matter is remanded to the superior court with directions to

issue an OSC and conduct an evidentiary hearing.  We express no opinion about the outcome of such hearing.

                                                    HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.